**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Morris Parks,

        Plaintiff,

Case No.:

v.

**COMPLAINT WITH
JURY TRIAL DEMAND**

Stellar Recovery, Inc.

        Defendants.

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227 and the Georgia Fair Business Practices Act O.G.C.A. § 10-1-393(a).

## PARTIES

1. Plaintiff, Morris Parks, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff is the subscriber for the cellular telephone with the number 678-***-2312.

4. Defendant, Stellar Recovery, Inc. (hereinafter "Stellar Recovery") is a Florida corporation doing business in Georgia.

5. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. In or about February, 2016, Plaintiff began receiving calls on his cellular telephone, phone number 678-***-2312, from Defendant seeking to collect a debt allegedly owed by Plaintiff to a third party.

9. At the time of the initial phone call, Plaintiff disputed the debt and advised the Defendant that they do not have permission to contact him by telephone. Over the next seven days, Plaintiff received at least five additional collection phone calls from the Defendant to his cellular phone following his explicit request that the Defendant refrain from such contact.

10. To date, Plaintiff has not received the notice of collection from the Defendant, as required by 15 U.S.C. 1692(g).

11. Defendant failed to meaningfully identify itself in violation of 15 USC §§1692d(6).

12. When he answered calls from Defendant, he heard pauses and/or clicks at the beginning of the calls and before the caller began speaking.

13. Upon information and belief, Defendant used an autodialer and or other predictive dialing equipment to make its calls to Plaintiff.

14. Callers on behalf of Defendant stated during the course of one or more calls that the calls were for the purpose of debt collection.

15. Defendant was not the original creditor on the alleged debt that was the subject of the phone calls. Rather, upon information and belief, Defendant had acquired the alleged debt from the original creditor for the purpose of collection.

16. Plaintiff never provided consent, either to the original creditor or to Defendant to be contacted on his cell phone.

17. To the extent Plaintiff provided consent for Defendant to call him on his cell phone, Plaintiff explicitly revoked that consent.

18. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him.

19. Defendant's calls to Plaintiff had no emergency purpose.

20. Upon information and belief, frequent, authorized phone calls are Defendant's modus operandi for debt collection.

21. Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

22. Plaintiff carries his cell phone at most times to be accessible to his family, friends and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends and work activity.

23. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the notification and demand provisions of O.C.G.A. § 10-1-399 (b).

24. Defendant knew or should have known that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were therefore willful violations.

25. As a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff is eligible for statutory damages.

26. Defendant took its actions or omissions in furtherance of its efforts to collect a debt from Plaintiff.

27. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

28. As a result of Defendant's actions, Plaintiff is eligible for statutory damages.

29. Also as a result of Defendant's actions, Plaintiff suffered actual damages, including the consumption of "minutes" as proscribed in his cellular service plan that has the end result of the Plaintiff paying for the calls initiated by the Defendant. Moreover, the Plaintiff experienced and emotional distress including frustration and anxiety as a result of trying to manage the persistent calls. This adversely affected Plaintiff's interpersonal relationships and peace of mind.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant made repeated, unauthorized calls to Plaintiff's cell phone, amounting to harassment, in violation of 15 U.S.C. § 1692d and unfair collection practice, in violation of 15 U.S.C. § 1692f.

33. Defendant failed to provide the written notice of its collection of the debt to the Plaintiff as required by 15 U.S.C. 1692(g).

34. Defendant's actions were in an effort to collect a debt.

35. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages in the form of emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

36. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227(b)(1)(A)(iii)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer and or predictive dialing equipment.

39. As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT III

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.G.C.A. § 10-1-393(a)

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42. Defendant violated 15 U.S.C. § 1692, as set forth above, deemed a violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

43. The GFPBA directs liberal interpretation and application, as well as in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

44. Upon information and belief, Defendant regularly uses repeated, unauthorized phone calls in its debt collection efforts.

45. Defendant does not maintain a place of business in Georgia and has no assets in Georgia.

46. The Defendant has engaged in unfair and deceptive conduct in its efforts to collect monies from the Plaintiff, including the

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a).

48. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

49. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:**

   a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

   b.) General and/or damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

   c.) Plaintiff's actual damages;

   d.) Statutory damages against pursuant to 15 U.S.C. § 1692k;

   e.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k O.G.C.A. § 10-1-399(d); and

   f.) Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of March, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com